IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PETTYJOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-03-230-C |
| ) | |
| ANTHONY J. PRINCIPI, Secretary of ) | |
| the Department of Veteran's Affairs, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's[1] Motion for Summary Judgment. Plaintiff filed a Response and this matter is now at issue.

## I. BACKGROUND

Plaintiff filed this action asserting alleged wrongdoing by employees of the local Veteran's Administration Hospital ("VA Hospital"). According to Plaintiff, he has been wrongfully denied access to the VA Hospital in violation of his constitutional rights, and prevented from performing his duties as a volunteer at the VA Hospital due to discrimination based on his race and/or disability in violation of 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff also asserts various tort law claims such as wrongful arrest/imprisonment, assault and battery, and defamation.

---

[1] Plaintiff's original complaint also named a Mr. Gentling. In granting the Motion to Dismiss filed by Mr. Principi, the Court also dismissed Plaintiff's claims against Mr. Gentling. Plaintiff's Amended Complaint seeks relief only from Mr. Principi as Secretary of Department of Veteran's Affairs. Accordingly, the Court finds Plaintiff has abandoned any claims against Mr. Gentling.

Defendant filed the present motion asserting the undisputed facts entitle him to judgment. According to Defendant, each of Plaintiff's claims are barred as a matter of law. Plaintiff filed a Response which lacks both legal and factual support. Nevertheless, because Plaintiff proceeds pro se, and because Defendant's motion is a legal challenge, the Court will consider each of Defendant's arguments as if properly contested. However, the Court will not act as an advocate for Plaintiff or develop arguments or analysis beyond the allegations set out in the Amended Complaint.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at

324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

A.  Title VII.

Plaintiff asserts he was discriminated against due to his race and/or gender. According to Plaintiff's Amended Complaint, this discrimination prevented him from performing his work as a volunteer at the VA Hospital. Defendant argues that Plaintiff cannot proceed on this claim because as a volunteer, he is not within the scope of Title VII's protection.

It is undisputed that Plaintiff never received any type of remuneration from the VA Hospital or anyone else for the "work" he performed as a service officer. Plaintiff refers to himself only as a volunteer and never suggests he received wages or any other type of financial benefit from the VA Hospital. The evidentiary materials in the Court's file demonstrate the EEOC reached the same conclusion during its processing of Plaintiff's complaints.

> Where no financial benefit is obtained by the purported employee from the employer, no "plausible" employment relationship of any sort can be said to exist because although "compensation by the putative employer to the putative

> employee in exchange for his services is not a sufficient condition, . . . it is an essential condition to the existence of an employer-employee relationship."

O'Connor v. Davis, 126 F.3d 112, 116 (2d Cir. 1997) (quoting Graves v. Women's Prof'l Rodeo Ass'n, Inc., 907 F.2d 71, 73 (8th Cir. 1990)) (other citations omitted). In the absence of an employer-employee relationship no Title VII claim can exist. Id.; see also McGuinness v. Univ. of New Mexico Sch. of Med., 170 F.3d 974, 979 (10th Cir. 1998) ("Unless a [person] receives remuneration for the work he performs, he is not considered an employee."). Thus, to the extent they rely on Title VII, Plaintiff's race and disability discrimination claims must fail.

B.  Bivens/§ 1983 Claim.

Plaintiff's Complaint alleged a claim pursuant to 42 U.S.C. § 1983. As the Court noted in its June 18, 2003, Order dismissing the Complaint, "Section 1983 has no application to federal officers acting pursuant to federal law." Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976) (citing Soldevila v. Sec'y of Agric. of U.S., 512 F.2d 427, 429 (1st Cir. 1975), and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 398 n. 1 (1971)). Nevertheless, Plaintiff continued to press this claim when he filed his Amended Complaint. In addressing Defendant's Motion to Strike, the Court recognized its earlier ruling and construed the claim as brought pursuant to Bivens. Defendant now challenges the claim, arguing that even construed as brought pursuant to Bivens, the claim must be dismissed as it is brought against him only in his official capacity and is therefore barred by sovereign

immunity. In the alternative, Defendant argues Plaintiff has failed to assert the violation of a constitutional right.

Plaintiff's Amended Complaint does not specify whether it is brought against Defendant in his individual or official capacity. However, it is unnecessary to resolve this dispute as Plaintiff's claim must fail under either theory. As noted by Defendant, Bivens does not provide a cause of action against a federal official in his official capacity. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005):

> There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.

(citing Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001)). Plaintiff also seeks declaratory/injunctive relief. Claims of that type against a public official in his official capacity are not barred by the doctrine of sovereign immunity. Id. at 1233; see also 5 U.S.C. § 702. But Plaintiff must still assert the existence of a legal wrong. It is this shortcoming that derails Plaintiff's claim.

Plaintiff's Amended Complaint alleges the violation of several parts of the Constitution. However, each is essentially a derivation of his claim that he has been improperly denied access to the VA Hospital. If there is no constitutional or legal right to access to the VA Hospital, then Plaintiff's Bivens claim must fail along with any right to declaratory/injunctive relief arising under § 702. The Court has been unable to locate any statute or case law providing Plaintiff with an unfettered right of access to the VA Hospital

as a volunteer. Thus, Plaintiff cannot establish either a constitutional violation or a legal wrong and his Bivens claim fails.

Even had Plaintiff established the existence of a right of access to the VA Hospital, the undisputed facts reveal that any such right was blocked only after the exercise of due process. Defendant has offered documentary evidence establishing that Plaintiff was warned that if his conduct did not improve that he would be barred from the premises. Plaintiff signed a document outlining the allegations against him and acknowledging he was aware of the result if his behavior did not change. Only after this process had failed was Plaintiff banned from the facility. Even that ban permitted him entry for obtaining medical care. Thus, even assuming the existence of a right to access, it is clear that right was terminated only after appropriate due process.

C.  Federal Tort Claims Act.

Although it is significantly less than clear, Plaintiff's Amended Complaint can be read to seek relief for various torts. To the extent this is so, Plaintiff must proceed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq. ("FTCA"). Defendant argues that any claim Plaintiff brings pursuant to the FTCA is barred for failure to timely file an administrative claim and/or the failure to name the proper defendant.

Filing a proper administrative claim is a jurisdictional prerequisite to pursuing a tort claim against the Federal Government or one of its employees. See 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

> Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The administrative claim must be presented to the appropriate agency within two years. See 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiff has the burden of establishing compliance with the administrative prerequisites. Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2nd Cir. 1999) ("Unless a plaintiff complies with [the 2401(b)] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim. . . . The burden is on the plaintiff to plead and prove compliance with § 2401(b)."). Here, Plaintiff has failed to meet this burden. Plaintiff's Amended Complaint is devoid of any assertion that he has complied with the administrative prerequisites of the FTCA. Further, the Court's review of all documents submitted by Plaintiff in this action reveals only two suggesting an attempt to comply. Attached as exhibits to Plaintiff's Response to the Court's Show Cause Order (Dkt. No. 21) are two letters dated April 6, 2004, referencing tort claims filed by Plaintiff. However, both letters note the claim has not been properly presented. Even when viewed in the light most favorable to Plaintiff, these letters do not satisfy Plaintiff's burden of demonstrating compliance with the jurisdictional

prerequisites. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's tort claims.

D.  Vietnam Veterans Readjustment Act.

Plaintiff's Amended Complaint asserts this Act[2] provides the genesis for certain of his claims. However, the Court's review fails to reveal any language in the text of the law which provides a foundation for a claim for relief based on Plaintiff's allegations.

## IV.  CONCLUSION

As set forth more fully herein, each of Plaintiff's claims are either barred as a matter of law or the undisputed material facts establish Defendant is entitled to judgment. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 32) is GRANTED. A separate judgment will issue.

DATED this 17th day of November, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[2] Plaintiff does not provide a citation or other identification of the Act. The Court's research located two possibilities. The Vietnam Era Veteran's Readjustment Assistance Act of 1972, Pub. L. No 92-540, 86 Stat. 1074, and the Vietnam Era Veteran's Readjustment Assistance Act of 1974, Pub. L. No. 93-508, 88 Stat. 1578. Each Act amended several statutes in Title 38 of the U.S.C.